IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT WADDEL,

        Plaintiff,

v.                                            Case No. 19-1047-JWB

EXPERIAN INFORMATION SOLUTIONS, INC.,
et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant Wells Fargo Dealer Services, Inc.'s[1] ("Wells Fargo") motion to dismiss the claims stated against it in Plaintiff's amended complaint (Doc. 35). The motion has been fully briefed and is ripe for decision. (Docs. 36, 43, 52.) Wells Fargo's motion is GRANTED for the reasons stated herein.

**I.    Facts**

The following facts are taken from the allegations in Plaintiff's amended complaint. (Doc. 29.) In January 2017, Plaintiff applied for credit with Defendant KIA Motors America, Inc. ("KIA") in order to purchase a vehicle at Lawrence KIA. There was also an unnamed co-borrower that was a party to the transaction. After reviewing the credit application, Plaintiff decided not to go through with the purchase of the vehicle. Allegedly, Defendant KIA funded the loan and directed Lawrence KIA to release the collateral to an unnamed co-borrower. Defendant KIA then sold or transferred the loan to Wells Fargo.

---

[1] Wells Fargo states that it is incorrectly named in the amended complaint and that its correct name is Wells Fargo Bank, N.A. (Doc. 36 at 1.)

-1-

Several months later, the unnamed co-borrower defaulted on the loan. Wells Fargo then reported negative marks on Plaintiff's credit report. After Plaintiff became aware of the sale transaction and the negative reporting, Plaintiff contacted Wells Fargo. Defendants Equifax, Experian, and TransUnion (the "Defendant credit reporting agencies") had notice of the dispute and all promptly removed the negative reporting. Wells Fargo told Plaintiff that it would remove the negative reporting after an investigation.

Plaintiff's credit score increased significantly after the removal. Shortly thereafter, the Defendant credit reporting agencies changed Plaintiff's credit report to again reflect the negative reporting. Plaintiff properly disputed the Wells Fargo negative reporting with each of the Defendant credit reporting agencies. Plaintiff disputed the negative reporting on at least two occasions. Wells Fargo continued to report incorrect information to the Defendant credit reporting agencies in an attempt to cause Plaintiff to make payments. Plaintiff alleges that Wells Fargo intentionally, recklessly, and negligently failed to perform a reasonable investigation as required by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. Plaintiff alleges that he has suffered damages as a result of Defendants' conduct and has been unable to obtain refinancing.

Plaintiff has alleged two counts against Wells Fargo: violation of the FCRA and of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e. Wells Fargo moves to dismiss both counts on the basis that they fail to state a claim.

In response to Wells Fargo's motion, Plaintiff has filed a memorandum in opposition and attached two unauthenticated exhibits: the results of Plaintiff's credit dispute from Experian and a letter from Wells Fargo regarding Plaintiff's dispute. (Doc. 43, Exhs. 1, 2.) On a motion to dismiss, the court can only consider exhibits attached to the amended complaint or exhibits that

were incorporated into the amended complaint by reference. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). These exceptions are not applicable as the exhibits were not attached to the amended complaint and the exhibits are not incorporated into the amended complaint by reference. Therefore, because this is a motion to dismiss, the court declines to consider the exhibits in ruling on the motion. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) ("When a party presents matters outside of the pleadings for consideration, as a general rule 'the court must either exclude the material or treat the motion as one for summary judgment.'") (citing *Alexander v. Oklahoma*, 382 F.3d 1206, 1214 (10th Cir. 2004)).

## II. Motion to Dismiss Standards

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Rule 12(b)(6) "does not require that Plaintiff establish a prima facie case in her complaint, but rather requires only that the Plaintiff allege enough factual allegations in the complaint to set forth a plausible claim." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1171–72 (10th Cir. 2015) (internal citations omitted). In the end, the issue is not whether Plaintiff will ultimately prevail, but whether Plaintiff is entitled to offer evidence to support her claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

### III. Analysis

#### a. FCRA Claim

Plaintiff alleges that Wells Fargo engaged in willful and negligent noncompliance with 15 U.S.C. § 1681s-2(a) and (b) by refusing to conduct an investigation, refusing to review relevant information, failing to report accurate information, and continuing to furnish and disseminate inaccurate credit information to the agencies despite knowledge of the inaccuracies. Wells Fargo asserts that there is no private right of action under § 1681s-2(a) and that Plaintiff has not stated a claim under § 1681s-2(b).

First, Wells Fargo argues that there is no private right of action under § 1681s-2(a), which requires furnishers of information to provide accurate information to consumer reporting agencies and to investigate a dispute once they have received notice of the dispute from the consumer reporting agency. *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009). Plaintiff's amended complaint attempts to state a claim under § 1681s-2(a). That section, however, "provides no private cause of action." *Id.* at 751 (citing *Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1014 (9th Cir. 2009) ("Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies."); *Aklagi v. Nationscredit Fin.*, 196 F. Supp. 2d 1186, 1192 (D. Kan. 2002). Although Plaintiff asserts that Wells Fargo has duties under § 1681s-2(a), Plaintiff cannot maintain a cause of action under that section. *Id.* Therefore, that claim cannot proceed.

Second, with respect to § 1681s-2(b), Wells Fargo contends that Plaintiff has failed to state a claim because Plaintiff has not alleged that Wells Fargo received notice of the dispute from a credit reporting agency. (Doc. 36 at 7.) In response, Plaintiff contends that his amended

complaint has sufficiently alleged a claim, additional discovery may be needed, and the statute provides that consumers can file a complaint directly with Wells Fargo. (Doc. 43 at 7-8.)

The provision at issue, § 1681s-2(b), states as follows:

> **After receiving notice pursuant to section 1681i(a)(2) of this title** of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
>
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
> (i) modify that item of information;
> (ii) delete that item of information; or
> (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b) (emphasis supplied).

The statutory language states that Wells Fargo's obligations under the statute do not arise until it receives notice pursuant to section 1681i(a)(2). That statute pertains to notice of the dispute being provided by a credit reporting agency to the person who provided the information to the credit reporting agency. 15 U.S.C. § 1681i(a)(2). The Tenth Circuit has explained that the "duties listed in § 1681s–2(b) 'arise only after the furnisher receives notice of a dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b).'" *Pinson*, 316 F. App'x at 751 (quoting *Gorman,* 552 F.3d at 1014); *Aklagi*, 196 F. Supp. 2d at 1193 ("the duty of a furnisher of credit information to investigate a

credit dispute is triggered only after the furnisher receives notice of the dispute from a consumer reporting agency, not just the consumer.")

Therefore, the fact that Plaintiff provided notice directly to Wells Fargo does not trigger the duties under § 1681s-2(b). *See id.* ("[B]ecause the amended complaint alleges only that the [plaintiffs]—not any CRA—notified Capital One that its information was in dispute, the [plaintiffs] failed to state a claim against Capital One under the FCRA.") Moreover, the fact that Plaintiff disputed the negative reporting to the agencies is not sufficient to state a claim as Plaintiff has not alleged that the agencies notified Defendant of the dispute, which is required in order for Wells Fargo to be required to act.

Accordingly, Plaintiff has failed to state a claim under the FCRA.

**b. FDCPA Claim**

Wells Fargo moves for dismissal of the FDCPA count on the basis that it is not a debt collector under the statute. To prevail on his claim under the FDCPA, Plaintiff must prove that a "debt collector's effort to collect a 'debt' from a 'consumer' violated some provision of the FDCPA." *Maynard v. Cannon*, 401 F. App'x. 389, 393 (10th Cir. 2010). Wells Fargo asserts that it is not a debt collector because, according to Plaintiff's allegations, it was assigned a debt that was not in default at the time of the assignment. (Doc. 52 at 3.) Plaintiff contends that he has no knowledge of when the account was moved to Wells Fargo and was basing his allegations on the information on his credit report. The allegations in the amended complaint state that Defendant KIA sold or transferred the loan to Wells Fargo and "after several months," the "co-borrower defaulted." (Doc. 29 at 6.) These allegations do not include any dates.

The FDCPA includes a definition of the term "debt collector." Under the statute, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any

business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). However, a debt collector "**does not** include … any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity … (iii) concerns a debt which was not in default at the time it was obtained by such person…." 15 U.S.C. § 1692a(6)(F) (emphasis supplied). The facts alleged in the amended complaint clearly allege that the debt was sold or transferred to Defendant and, **several months later**, the co-borrower defaulted. Therefore, the facts as alleged are that Defendant obtained the debt **prior** to default. Plaintiff argues that Defendant has not provided any "information to support that it was 'assigned' the debt, when it was assigned the debt, or the status of the debt when Wells Fargo received the account." (Doc. 43 at 9.) This matter, however, is not at a stage in which evidence is introduced to the court. Defendant has moved to dismiss the amended complaint. As a result, the court only considers the allegations in the amended complaint. A review of those allegations supports a finding that Defendant was not a debt collector under the statute as the debt was not in default at the time it was obtained by Wells Fargo.

Plaintiff also argues that the debt at issue was not his debt. (Doc. 43 at 9.) That may be true. However, Plaintiff has not pointed to any statutory authority that a different definition for debt collector is applicable when the debt being collected does not belong to the plaintiff.

Viewing the facts in a light most favorable to Plaintiff, the allegations do not support a finding that Defendant is a debt collector under the FDCPA. As such, Plaintiff cannot maintain a claim against Defendant under the FDCPA.

### c. Opportunity to Amend

In his memorandum, Plaintiff requests leave to amend in the event the court finds that Plaintiff has failed to state a claim against Defendant. Plaintiff, however, has not attached his proposed second amended complaint. D. Kan. R. 15.1. Moreover, Plaintiff has not identified how he would cure or if he could cure the deficiencies in the amended complaint. Therefore, the court denies leave to amend, without prejudice. Plaintiff may seek leave to amend as provided in D. Kan. R. 15.1.

### IV. Conclusion

Defendant's motion to dismiss all claims against it in the amended complaint is GRANTED.

IT IS SO ORDERED this 13th day of June, 2019.

    _s/ John W. Broomes_____
    JOHN W. BROOMES
    UNITED STATES DISTRICT JUDGE